PEOPLE *v.* McGRAW.

1. MUNICIPAL CORPORATIONS — VIOLATION OF ORDINANCES — CRIMINAL LAW—MOTOR VEHICLE LAW—TRAFFIC ORDINANCE—CITIES.
   In a prosecution for violating an ordinance of the city of Detroit affecting motor vehicles, a complaint charging (in the first count) that respondent failed to drive his automobile in a careful manner with due regard for the safety and convenience of pedestrians and other vehicles and (in the second count) that he wilfully failed to keep the front and rear lights lighted, as required by certain sections named of the compiled ordinances, was sufficient, on demurrer, and the ordinance was not beyond the authority

of the council, or invalid for the reason that it was pro-
hibited by section 9 of Act No. 318, Pub. Acts 1909 (2 How.
Stat. [2d Ed.] § 2495).

2. AUTOMOBILES — HIGHWAYS AND STREETS — MUNICIPAL CORPORA-
TIONS—DETROIT ORDINANCE.
    In a prosecution for violation of an ordinance of the city of
    Detroit regulating traffic in its streets, such provisions of
    the ordinance as in any way contravene the general statute
    affecting motor vehicles, Act No. 318, Pub. Acts 1909, must
    be held invalid and void.

3. SAME—ORDINANCES—CONSTITUTIONAL LAW—DETROIT CHARTER.
    In so far as section 9 of Act No. 318, Pub. Acts 1909; 2 How.
    Stat. (2d Ed.) § 2495, attempts to take away from cities all
    control of their highways and streets and from exercising
    reasonable control over streets of the municipality, the pro-
    visions of the statute are to that extent unconstitutional
    and void, being in conflict with the fundamental rule as
    to local legislation. Art. VII, § 28, Constitution.

Certiorari to recorder's court of Detroit; Connelly, J.
Submitted November 23, 1914. (Docket No. 74.) De-
cided January 29, 1915.

Donald McGraw was complained against for violat-
ing an ordinance of the city of Detroit. Respondent's
demurrer to the complaint was overruled. Affirmed.

*Richard I. Lawson*, for the people.

*Percy W. Grose*, for respondent.

KUHN, J. The defendant is charged with the vio-
lation of certain ordinances with relation to traffic on
the streets in the city of Detroit. Two complaints
were made against him, and alleged the following:

"(1) On the 29th day of December, 1913, within
the corporate limits of said city (the city of Detroit),
on the east side of Woodward avenue between Can-
field and Forest avenues, one Donald McGraw did then
and there unlawfully and wilfully, while driving an
automobile upon said street, fail to drive the same in
a careful manner with due regard for the safety and

convenience of pedestrians and other vehicles, to the evil example of all others in a like case offending, and contrary to the ordinances of said city, in such case made and provided. Section 2, chapter 55, page 102, of the Compiled Ordinances of the City of Detroit, for the year 1912.

" (2)  On the 29th day of December, 1913, within the corporate limits of said city (the city of Detroit), on Woodward avenue near Canfield, one Donald McGraw did then and there unlawfully and wilfully, while operating an automobile upon said street, during the time when the city lights on said street are lighted, fail to keep his front and rear lights lighted, to the evil example of all others in a like case offending, and contrary to the ordinances of such city in such case made and provided. Section 10, chapter 55, page 103, of the Compiled Ordinances of the City of Detroit, for the year 1912."[1]

The respondent, upon being served with a summons, appeared and demurred to each of the complaints. The learned recorder overruled the demurrers, and the case is here by certiorari. The various grounds for demurrer raised, as suggested by respondent's counsel, this question for determination:

"Has the city of Detroit, a municipal corporation, the power to enact the ordinance alleged to have been violated, in view of the provisions of section 9 of Act 318 of the Public Acts of 1909?"

Section 9 of Act No. 318 (2 How. Stat. [2d Ed.] § 2495), which is entitled "An act providing for the registration, identification and regulation of motor vehicles operated upon the public highways of this

---

[1] The sections referred to are as follows:

Sec. 2.  Vehicles shall be driven in a careful manner and with due regard for the safety and convenience of pedestrians and of other vehicles.  When one vehicle overtakes another, it shall pass to the left side of the overtaken vehicle and not pull over to the right until clear thereof.

Sec. 10.  Lights on automobiles being operated or standing upon said streets, must be kept burning in front and rear during the time the city lights on the streets are lighted, and each of such automobiles shall carry the Michigan State license exposed in front and rear.

State, and of the operators of such vehicles," reads as follows:

"SEC. 9. Local Ordinances Prohibited.—Except as herein otherwise provided, local authorities shall have no power to pass, enforce or maintain any ordinance, rule, or regulation requiring from any owner or chauffeur to whom this act is applicable, any license or permit for the use of the public highways, or excluding any such owner or chauffeur from the free use of such public highways, or in any other way respecting motor vehicles or their speed upon or use of the public highways. No ordinance, rule or regulation contrary to the provisions of this act now in force or hereafter enacted shall have any effect: *Provided, however*, that the powers given to local authorities to regulate vehicles offered to the public for hire, and processions, assemblages or parades in the streets or public places, and all ordinances, rules and regulations which may have been or which may be enacted in pursuance of such powers shall remain in full force and effect: *Provided further,* that local authorities may set aside for a given time a specified public highway for speed contests or races, to be conducted under proper restrictions for the safety of the public, and that said authorities may exclude motor vehicles from any cemetery or grounds used for the burial of the dead."

It is contended by counsel for the city, and was so held by the recorder, that that part of section 9 which forbids cities from exercising control of their highways with reference to motor vehicles is unconstitutional and void, as being in contravention of section 28 of article 8 of the present Constitution of the State, which reads as follows:

"SECTION 28. No person, partnership, association or corporation operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of any city, village or township for wires, poles, pipes, tracks or conduits, without the consent of the duly constituted authorities of such city, village or township; nor to transact a local business therein without first obtaining a franchise there-

for from such city, village or township. The right of all cities, villages and townships to the reasonable control of their streets, alleys and public places is hereby reserved to such cities, villages and townships."

Counsel for respondent meets this contention by saying that the reservation to cities, villages, and townships of a reasonable control of their streets, alleys, and public places should be held to refer only to the subject-matter of the section, to wit, public utility corporations, and also that the construction contended for by the city places this section in conflict with section 21 of the same article, which reads as follows:

"Under such general laws, the electors of each city and village shall have power and authority to frame, adopt and amend its charter, and, through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State."

In the study of section 28, it is interesting to notice what the committee on submission and address to the people said with reference thereto, in submitting the proposed revision to the people (page 1433, vol. 2, Proceedings and Debates of the Constitutional Convention):

"This is a new section, and its purpose is to prevent the use of streets, alleys, highways, and public places without the consent of the local authorities first had and obtained. The word 'reasonable' was inserted to place a limitation upon the authority cities, villages and townships may exercise over the streets, alleys, highways, and public places within their corporate limits. And it was pointed out in the debates that without the word 'reasonable,' or a similar qualification, the section would practically deprive the State itself of authority over its highways and public places."

From this, and also from reading the debates with reference to the insertion of the word "reasonable," it is clear that it was not the intention of the framers

of the Constitution to deprive absolutely the State itself of control over its highways and bridges in the cities, villages, and townships. The claim that the reservation should be limited to the control of public utility corporations, to our minds, overlooks entirely the express language of the last sentence of said section 28. By giving the language of the whole section its ordinary and natural meaning, public utilities were placed under control of the local authorities, and the local authorities may control within reason the use of their streets for any purposes whatsoever not inconsistent with the State law.

Taking the sections together, they should be so construed as to give the power to municipalities to pass such ordinances and regulations with reference to their highways and bridges as are not inconsistent with the general State law. In other words, the municipality retains *reasonable control* of its highways, which is such control as cannot be said to be unreasonable and inconsistent with regulations which have been established, or may be established, by the State itself with reference thereto. This construction allows a municipality to recognize local and peculiar conditions and to pass ordinances regulating traffic on its streets, which do not contravene the State laws. The congested condition of traffic on many of the streets of the city of Detroit is a matter of common knowledge, and these conditions make it absolutely necessary, for the protection of pedestrians and the drivers of vehicles, to enact rules and regulations peculiarly adapted to the conditions there found, and to enact ordinances to diminish the danger, and the words "reasonable control" in section 28 give the power to meet just such conditions.

It follows, therefore, that the provisions of the ordinance which contravene the State law must be held to be invalid and void. But as section 9, Act No. 318, Pub. Acts 1909, clearly attempts to take away

from the cities *all control* of their highways with reference to the use thereof by motor vehicles, such parts of said section which forbid the cities from exercising *reasonable* control of their highways as herein defined must be held to be unconstitutional and void. It is not claimed that the sections of the ordinance under which these complaints are made are in contravention of the general law of the State, except said section 9, and the order of the recorder in overruling the demurrer must therefore be affirmed.

BROOKE, C. J., and McALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.