BRENNAN v. RECORDER OF THE CITY OF DETROIT.

1. MANDAMUS—JUDGE OF RECORDER'S COURT OF DETROIT—DETERMINATION BINDING UPON INCUMBENT.

Where, since the order to show cause was issued in mandamus proceedings to compel the recorder of the city of Detroit to take a complaint for violation of a city ordinance he has been succeeded in office by another, the determination of the matter will be binding upon the incumbent; the proceedings being directed to the judge officially.

2. MUNICIPAL CORPORATIONS — MOTOR VEHICLE LAW — HIGHWAYS AND STREETS—AUTOMOBILES—ORDINANCES.

An ordinance of the city of Detroit regulating the speed of automobiles upon the streets of the city and fixing a

greater penalty for its violation than that provided in
the "motor vehicle law," *held*, not in contravention of
the State law, since it does not make it less stringent
or relax it.

3. STATUTES—CONSTRUCTION—MOTOR VEHICLE LAW.
   Requirements of the "motor vehicle law" for recording and
   certifying the convictions thereunder, *held*, merely inci-
   dents of the enforcement of the statute that do not affect
   the rule of conduct therein prescribed.

4. CONSTITUTIONAL LAW—POWER OF LEGISLATURE.
   The legislature may not do by indirection that which it
   cannot do directly.

5. SAME — MUNICIPAL CORPORATIONS — HIGHWAYS AND STREETS —
   RIGHT TO REASONABLE CONTROL.
   *Held*, that the legislature may· not, by providing for a
   system of recording or certifying convictions of violations
   of the "motor vehicle law" to the secretary of State, nullify
   the right of municipalities, under section 28, Art. 8, of
   the Constitution, to the reasonable control of its highways.

Mandamus by Vincent M. Brennan, assistant cor-
poration counsel, to compel William F. Connolly, re-
corder of the city of Detroit, and another to take a
complaint for an alleged violation of a city ordinance.
Submitted July 2, 1919. (Calendar No. 28,219.) Writ
granted July 17, 1919.

*Vincent M. Brennan* (*Clarence E. Wilcox.* of coun-
sel), *in pro. per.*

*Edwin Henderson*, for defendants.

KUHN, J. The relator seeks mandamus to compel
the respondents to take a complaint under a city ordi-
nance of the city of Detroit for an alleged violation
of the provisions of the section of an ordinance which
prohibits "speeding," so-called, in that city. The
learned recorder took the view that the ordinance, in
so far as it undertook to punish "speeding," contra-
vened the "Michigan motor vehicle law," and refused

to entertain complaints under the ordinance in his court for that offense. He also instructed the other respondent, the clerk of his court, to refuse to take such complaints.

Since the time when the order to show cause in this matter was issued against the respondent, he has left the bench and has been succeeded by the Hon. Charles T. Wilkins, the present recorder. However, as the proceeding is directed to the judge officially, the determination of this matter is binding upon the incumbent, whoever he may be. *People* v. *Bacon*, 18 Mich. 247.

It is the contention of counsel for respondents that the municipality has power only to legislate upon the subject-matter of the control of its streets when the legislature of the State has not by general legislation covered the subject-matter. In support of this contention, the case of *People* v. *McGraw*, 184 Mich. 233, is relied upon. In that opinion it was said:

"The municipality retains *reasonable control* of its highways, which is such control as cannot be said to be unreasonable and inconsistent with regulations which have been established, or may be established, by the State itself with reference thereto. This construction allows a municipality to recognize local and peculiar conditions and to pass ordinances regulating traffic on its streets, which do not contravene State laws."

Section 30 (1 Comp. Laws 1915, § 4826) of the "Michigan motor vehicle law" confers jurisdiction to hear, try and pass sentence for any and all violations of any of the provisions of the act, upon police justices of any city or justices of the peace of the county where any such violation shall occur; and section 33 (1 Comp. Laws 1915, § 4829) of the same act provides for a comprehensive method of certifying convictions under the State law, for recording such certificates

by the secretary of State and for the certification by the secretary of State to the several county clerks of the State, of convictions under section 21, and for furnishing copies of the records of convictions under section 21 by the county clerks of the State to the magistrates in each county before whom violations of the provisions of the "Michigan motor vehicle law" are triable. It is urged that if a prosecution and conviction should be had under the city ordinance for an offense defined by the State law, such conviction cannot be reported to the secretary of State, as provided by the State law, and therefore that the purpose of the State law is in that respect contravened and nullified. It is conceded by counsel that it is the settled law in this State that the legislature may delegate to municipalities the power to legislate against crimes already denounced by the general State law (*People* v. *Hanrahan,* 75 Mich. 611 [4 L. R. A. 751]), but it is insisted that under the decision in *People* v. *McGraw, supra,* the power reserved to municipalities with reference to control of its streets extends only to such subjects as are not covered by the general State law. In our opinion, this decision should not be given any such construction. The force of that decision is that the rule of conduct established by the State with reference to the highways of a municipality cannot be relaxed or made less stringent by a city ordinance, but incidents that may be found necessary by the legislative body to enforce the rule of conduct are not what was contemplated in the previous decision when we said that the ordinance should not contravene the State law. There is no question in the instant case that the rule of conduct established by the ordinance does not contravene the State law, in that it does not make it less stringent or relax it. The recording with the secretary of State of the infractions of the State law and the other requirements

of the statute for recording and certifying the convictions, are merely incidents of the enforcement of the statute that do not affect the rule of conduct therein prescribed.   In the decision of *People* v. *Mc-Graw, supra,* it was held that section 9 of Act No. 318 of the Public Acts of 1909, which attempted to prohibit municipalities from passing local ordinances with reference to motor vehicles, was unconstitutional and void, as it interfered with the constitutional right of a municipality to the reasonable control of its highways.   Section 28, art. 8, Constitution of 1909.   If the contention of counsel for respondent is sustained in this case, the legislature might, by indirection, prohibit the municipality from legislating on the subject by providing, as they did in the law now being considered, for a system of recording or certifying convictions to the secretary of State.   The legislature cannot do by indirection that which it cannot do directly.

The writ will issue as prayed for, but without costs to either party.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.