### CITY OF DEARBORN *v.* SUGDEN & SIVIER, INC.

1. CONSTITUTIONAL LAW—LEGISLATURE—MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—STATUTES.

    The legislature may not deprive a municipality of the right to reasonable control over its streets, even State trunk lines within its limits, and, to the extent that a statute does so, it is invalid (Const 1908, art 8, § 28).

2. MUNICIPAL CORPORATIONS—CONTROL OF HIGHWAYS AND STREETS.

    City authorities may control, within reason, the use of their streets for any purposes whatsoever not inconsistent with the State law (Const 1908, art 8, § 28).

3. SAME—ORDINANCE—STATUTES—WEIGHT RESTRICTIONS ON VEHICLES—STATE TRUNK-LINE HIGHWAYS.

    City ordinance was not at variance with State statute and was valid where the ordinance imposed the same weight restrictions upon vehicles using its streets as were imposed by the statute, hence, city was empowered to prosecute defendant for overweight vehicle on portion of State trunk line within the city limits, a provision in the statute forbidding local authorities from imposing weight restrictions upon vehicles on State trunk-line highways being invalid as applied to plaintiff city (Const 1908, art 8, § 28; PA 1949, No 300, § 726; Dearborn Ordinance No 54–783).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  25 Am Jur, Highways § 255.
[3]  25 Am Jur, Highways § 260 *et seq.*

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 16, 1955. (Docket No. 64, Calendar No. 46,475.) Decided October 3, 1955.

Sugden & Sivier, Inc., a Michigan corporation, was convicted of violation of City of Dearborn ordinance restricting weight of motor vehicles. State of Michigan intervened for purpose of asserting exclusive jurisdiction of State highways within municipality. Conviction affirmed.

*Dale H. Fillmore,* Corporation Counsel, *B. Ward Smith,* Deputy Corporation Counsel, and *James A. Broderick,* Assistant Corporation Counsel, for plaintiff.

*Harold Helper,* for defendant.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Ernest O. Zirkalos,* Assistant Attorney General, for intervenor, State of Michigan.

*Amici Curiae:*

*W. Vincent Nash,* City Attorney, Saginaw.

*Forbes S. Hascall,* City Attorney, Birmingham.

*Paul T. Dwyer,* Corporation Counsel, *Lawrence E. Eaton,* Assistant Corporation Counsel, Detroit.

*William C. Hudson,* City Attorney, Royal Oak.

*William J. Kane,* City Attorney, Flint.

*William A. Ewart,* City Attorney, Pontiac.

*Alvin G. Dahlem,* City Attorney, Jackson.

CARR, C. J.   The appellant corporation was prosecuted in the municipal court of the city of Dearborn for an alleged violation of the traffic ordinance of said city.   The complaint filed alleged that on the 3d of May, 1954, defendant, being the owner of a certain GMC truck and semitrailer, knowingly caused and permitted said motor vehicle to be operated on Ford road in the city of Dearborn with an excessive axle load. It is agreed that at the time of the alleged violation Ford road was a State trunk-line highway bearing number M–153.   The complaint was based on chapter 11 of the ordinance as amended, which ordinance, No 54–873, was adopted by the city council on February 9, 1954.   The chapter referred to imposed limits on the gross weight of motor vehicles operating on streets within the city, and the complaint against defendant charged specifically that the load on axle No 2 exceeded by 3,970 pounds the lawful maximum as fixed by the ordinance.

Defendant moved to dismiss the complaint and warrant on the ground that Ford road, being a State trunk-line highway, was not subject to the jurisdiction of the city of Dearborn, and that said city had no authority to impose weight restrictions on traffic thereon.   In asking dismissal defendant relied on section 726 of the Michigan motor vehicle code* (CLS 1952, § 257.726 [Stat Ann 1952 Rev § 9.2426]) which reads as follows:

"Local authorities and county road commissions with respect to highways under their jurisdiction, except State trunk-line highways, may by ordinance or resolution, prohibit the operation of trucks or other commercial vehicles, or may impose limitations as to the weight thereof on designated highways, which prohibitions and limitations shall be desig-

---

* PA 1949, No 300, as amended (CLS 1952, § 257.1 *et seq.* [Stat Ann 1952 Rev and Stat Ann 1953 Cum Supp § 9.1801 *et seq.*]).

nated by appropriate signs placed on such high-
ways."

Defendant contended before the municipal court
that under this statute the city was forbidden to
impose weight limitations on traffic using the State
trunk line. On behalf of the city reliance was placed
on article 8, § 28, of the State Constitution (1908),
particularly the clause thereof declaring that:

"The right of all cities, villages and townships to
the reasonable control of their streets, alleys and
public places is hereby reserved to such cities, vil-
lages and townships."

It was insisted by the city that under said provi-
sion of the Constitution it was not within the power
of the legislature to forbid the enactment of a reason-
able ordinance regulating traffic on streets within
the municipal limits, including trunk-line roads. The
motion to dismiss was denied by the municipal court
and defendant was adjudged guilty of a violation of
the ordinance. The attorney general intervened in
the case on behalf of the State, asking in substance
that the validity of the provision of the State motor
vehicle law involved in the controversy should be
upheld.

Defendant appealed its conviction to the circuit
court of Wayne county where the matter was sub-
mitted to a circuit judge on a stipulation as to cer-
tain facts and a transcript of the testimony taken
in the municipal court. Defendant's motions to
quash the complaint and warrant and for a directed
verdict of not guilty were denied. A motion on be-
half of the State to dismiss was disposed of in like
manner. The circuit judge concluded, as appears
from his opinion in the record, that under article 8,
§ 28, of the Constitution the legislature could not
forbid the municipality to adopt a weight restriction
ordinance, that the clause of the Michigan motor

vehicle code on which defendant relied was unconstitutional, and that the ordinance under which defendant was prosecuted was valid. Judgment was entered accordingly, a fine determined in accordance with the provisions of the ordinance being imposed on defendant. On leave granted, the latter has appealed.

The weight restrictions on truck traffic imposed by the city ordinance are, in substance, identical with corresponding provisions of the motor vehicle code of the State as set forth in section 724 thereof (CLS 1952, § 257.724 [Stat Ann 1953 Cum Supp § 9.2424]). The ordinance seeks to protect the trunk-line highways within the city in precisely the same manner and to the same extent as does the State law. There is no conflict between State and municipal actions.

It is argued here, as it was in the trial courts, that under pertinent provisions of the Constitution plaintiff was clothed with authority to adopt the ordinance under which defendant was prosecuted and convicted. As indicating the general purpose manifest by the Constitution, attention is directed to article 8, §§ 27 and 28, which read as follows:

"Sec. 27. The legislature shall not vacate nor alter any road laid out by commissioners of highways, or any street, alley or public ground in any city or village or in any recorded town plat."

"Sec. 28. No person, partnership, association or corporation operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of any city, village or township for wires, poles, pipes, tracks or conduits, without the consent of the duly constituted authorities of such city, village or township; nor to transact a local business therein without first obtaining a franchise therefor from such city, village or township. The right of all cities, villages and townships to the reasonable control of their streets, alleys and public

places is hereby reserved to such cities, villages and townships."

Plaintiff also relies on the decision of this Court in *People* v. *McGraw,* 184 Mich 233. There the defendant McGraw was prosecuted under an ordinance of the city of Detroit for alleged improper operation of his automobile on a public street in a manner forbidden by such ordinance. He challenged the validity of the proceeding on the ground that the provisions of a statute then in effect (PA 1909, No 318, § 9) forbade local authorities to adopt regulations "respecting motor vehicles or their speed upon or use of the public highways.*" On appeal from a decision adverse to defendant this Court held that under article 8, § 28, of the Constitution, it was not within the power of the legislature to deprive the municipality of the right of reasonable control over its streets and that to the extent the statute undertook to do so it was invalid. The order of the trial court was accordingly affirmed. After directing attention to statements in the address to the people submitting the proposed revision, it was said (pp 237, 238):

"From this, and also from reading the debates with reference to the insertion of the word 'reasonable,' it is clear that it was not the intention of the framers of the Constitution to deprive absolutely the State itself of control over its highways and bridges in the cities, villages, and townships. The claim that the reservation should be limited to the control of public utility corporations, to our minds, overlooks entirely the express language of the last sentence of said section 28. By giving the language of the whole section its ordinary and natural meaning, public utilities were placed under control of the local authorities, and the local authorities may control within reason the use of their streets for any

---

* 2 How Stat (2d ed), § 2495.

purposes whatsoever not inconsistent with the State law.

"Taking the sections together, they should be so construed as to give the power to municipalities to pass such ordinances and regulations with reference to their highways and bridges as are not inconsistent with the general State law. In other words, the municipality retains *reasonable control* of its highways, which is such control as cannot be said to be unreasonable and inconsistent with regulations which have been established, or may be established, by the State itself with reference thereto. This construction allows a municipality to recognize local and peculiar conditions and to pass ordinances regulating traffic on its streets, which do not contravene the State laws. The congested condition of traffic on many of the streets of the city of Detroit is a matter of common knowledge, and these conditions make it absolutely necessary, for the protection of pedestrians and the drivers of vehicles, to enact rules and regulations peculiarly adapted to the conditions there found, and to enact ordinances to diminish the danger, and the words 'reasonable control' in section 28 give the power to meet just such conditions."

The scope of the holding in the *McGraw Case* was discussed in the opinion of the Court in *Brennan* v. *Recorder of the City of Detroit*, 207 Mich 35, 38. In answering a contention that the prior decision in effect limited the power reserved to municipalities, with reference to control of streets, to such subjects only as are not covered by State law, it was said:

"In our opinion, this decision should not be given any such construction. The force of that decision is that the rule of conduct established by the State with reference to the highways of a municipality cannot be relaxed or made less stringent by a city ordinance, but incidents that may be found necessary by the legislative body to enforce the rule of con-

duct are not what was contemplated in the previous decision when we said that the ordinance should not contravene the State law. There is no question in the instant case that the rule of conduct established by the ordinance does not contravene the State law, in that it does not make it less stringent or relax it. The recording with the secretary of State of the infractions of the State law and the other requirements of the statute for recording and certifying the convictions, are merely incidents of the enforcement of the statute that do not affect the rule of conduct therein prescribed."

See, also, with reference to the general question at issue, *Melconian* v. *City of Grand Rapids,* 218 Mich 397; *Red Star Motor Drivers' Ass'n* v. *City of Detroit,* 234 Mich 398; *Highway Motorbus Co.* v. *City of Lansing,* 238 Mich 146; *Delta County* v. *City of Gladstone,* 305 Mich 50; *Surtman* v. *Secretary of State,* 309 Mich 270, 280.

Attention is directed by counsel to statements made by this Court in its opinion in *Allen* v. *Rogers,* 246 Mich 501, 507, 508. In that case the question was raised as to the power of the State, in view of article 8, § 27, of the Constitution (1908), above quoted, to acquire property for the purpose of widening a State trunk-line road. The highway in question was a section of Grand River avenue within the municipal limits of the city of Detroit. However, the section of road concerned in the litigation had been established as part of the trunk-line system before it was taken into the city through an annexation proceeding. The language used in the opinion must be interpreted in the light of the situation before the Court and in connection with the reference therein to the holding in *People* v. *McGraw, supra.* In upholding provisions of the State statute authorizing the widening of Grand River avenue, and in commenting on the status of said highway,

the Court referred specifically to article 8, § 27, of the Constitution (1908), concluding that said section could not properly be construed as forbidding the State to improve the trunk line by widening it. Neither the decision nor the language of the opinion may properly be regarded as recognizing the right of the State to interfere with the reasonable control of public roads and highways, including trunk-line roads, within a municipality. A similar conclusion follows with reference to *Case* v. *City of Saginaw,* 291 Mich 130.

In the case of *Allen* v. *State Highway Commissioner,* 338 Mich 407, this Court recognized the right of a city to the reasonable control of its streets. It was held that the attempted allowance of parking on a main-traveled trunk-line highway passing through such city, notwithstanding action by State authorities to prevent such parking, was not within the scope of the reserved control contemplated by article 8, § 28, of the Constitution (1908). The concurring opinion of Mr. Justice SHARPE pointed out specifically (p 417) that the proceeding whereby the street in question was established as a trunk-line highway made it not only "a city street but also a part of the State highway systems." The decision may not be construed as a denial of the right of the municipality concerned to the reasonable control of its streets, including a section of a trunk-line highway within its limits. The decision was predicated on the ground that the action of the city under the circumstances had a tendency to interfere with the proper use of the trunk line by the public in general and was not within the scope of the measure of control contemplated by the constitutional provision in question.

As before noted, the ordinance of the plaintiff city is not at variance with the State statute. It does not assume to authorize conduct by those using

its streets and highways of a character forbidden by general State law. It is, rather, in the nature of an assertion by the municipality that it has such an interest in the preservation of the trunk-line road, which is one of the main thoroughfares through the city, as entitles it under its constitutional authority to impose restrictions and limitations with reference to the use of such road and the safety of those traveling thereon. No claim is made that any of its provisions are inherently unreasonable or otherwise subject to specific attack. Obviously it is designed to further the same purpose as is the State statute above cited.

Plaintiff asserts also that the injury or destruction of the road by heavy traffic may result in a financial burden falling on the city. In this connection reliance is placed on CL 1948, § 250.31, as amended by PA 1951, No 53 (Stat Ann 1953 Cum Supp § 9.881). Furthermore, as pointed out in the opinion of the circuit judge before whom the case was tried, the city is concerned in protecting its people against such use of the trunk line as may render it unsafe for travel. In *People* v. *Wolfe,* 338 Mich 525, 540, 541, it was suggested that the legislature in the enactment of the State law imposing weight restrictions on traffic presumably had in mind deterring owners and operators of commercial vehicles from using public highways for transporting loads of merchandise of such weight as to be destructive thereto to the prejudice of traffic and the detriment of the public generally. See, also, *People* v. *Linde,* 341 Ill 269 (173 NE 361, 72 ALR 997).

For the reasons above stated we are in accord with the conclusion of the trial judge that under the provisions of article 8, § 28, of the Constitution (1908), the legislature exceeded its authority in undertaking to prevent municipalities from adopting any traffic regulations limiting the weight of commer-

cial vehicles, and that the ordinance of the city of Dearborn in question here is valid. The judgment is affirmed.

BUTZEL, SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.