John CROSSAN, Defendant Below,
Appellant,

v.

The STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Aug. 26, 1971.

L. Vincent Ramunno, Wilmington, for defendant below, appellant.

Henry N. Herndon, Jr., of Morris, James, Hitchens & Williams, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This proceeding requires us to rule upon the validity of the Commercial Traffic Ordinance of the City of New Castle and upon the question of whether the City is depriving the defendant of equal protection of the laws in the manner of the application and enforcement of the Ordinance.

The Ordinance recites the increase of commercial vehicle traffic in the City of New Castle and the hazard caused by such traffic to the safety of its residents and to residential property. The Ordinance prohibits the operation of trucks or other commercial vehicles, except passenger buses, "on the highways and streets in the City of New Castle" with certain specified exceptions and with the provisos that such vehicles may be so operated when "making a delivery or pick-up" in the City or are "operated by or in connection with a commercial enterprise located within the City * * * or are being used as a means of transportation by a resident of the City * * * to or from his residence in the City * * *."

The defendant John Crossan, an employee of Delaware Sand and Gravel Co., was arrested for breach of the Ordinance by operating his employer's dump truck in a northerly direction on Washington Street, that street not being one of the exceptions specified in the Ordinance. The defendant was tried in the Mayor's Court and was convicted and fined $5.00. Upon appeal to the Superior Court, the conviction was affirmed. See 270 A.2d 535.

Upon appeal to this Court, we noted *sua sponte* our lack of jurisdiction in view of the amount of the penalty involved.[1] Accordingly, the appeal as such must be dismissed. However, since the matter had been completely briefed when the jurisdictional defect was noted, and in view of the nature of the questions presented and the unavailability of a review otherwise by this Court, we have chosen to disregard the procedural inadequacies and to consider the issues as though properly presented upon petition for writ of prohibition or upon certiorari. Compare Knight v. Haley, Del.Super., 6 W.W.Harr. 366, 176 A. 461 (1934); Thompson v. Thompson, Del. Supr., 3 W.W.Harr. 593, 140 A. 697 (1928); Elbert v. Scott, Del.Supr., 5 Boyce 1, 90 A. 587 (1914).

I.

The defendant contends that the City of New Castle lacked the power to restrict traffic on Washington Street for the reason that it is part of the State Highway system, having been constructed and maintained by the State Highway Department[2] as an integral part of Delaware Route 9. It is argued that, as a consequence, the Ordinance is a nullity because the State Highway Department has exclusive jurisdiction over Washington Street under 17 Del.C. §§ 131[3] and 134;[4] and it is further

1. Del.C.Ann.Const. Art. 4, Sec. 11(1) (b), limits the jurisdiction of the Supreme Court to appeals in criminal cases involving sentences of death, imprisonment exceeding one month, or fine exceeding $100. and "such other cases as shall be provided by law." No special statute has been called to our attention pertaining to the appealability of the instant case.

2. Recently incorporated into the State Department of Highways and Transportation as the Highway Division thereof. The Department nomenclature will be retained for the purposes of this case.

3. 17 Del.C. § 131 provides in pertinent part:
   "All roads and streets situate in unincorporated suburban communities throughout the State which were built or created between July 1, 1935 and July 1, 1951 whether paved or unpaved shall henceforth be under the absolute care, management and control of the Department and shall be maintained, repaired and reconstructed by the said Department."

4. 17 Del.C. § 134(c) provides:
   "(c) Whenever the Department shall construct a State highway through an

argued that the City is prohibited from exercising such jursdiction as it may have over Washington Street by virtue of 21 Del.C. § 4101(b).[5]

The defendant misconceives the scope of the somewhat ambiguous statutory provisions prescribing the respective powers and duties of the State Highway Department, on the one hand, and of an incorporated municipality, on the other, with respect to State highways which traverse the municipality via its streets.

The City of New Castle is a municipal corporation vested with the statutory power "to regulate the use of * * * roads, streets * * * and to make such regulations as may be necessary to protect person and property and to maintain the public place * * *." 27 Del.L. Ch. 216, pp. 557–559, amended 29 Del.L. Ch. 142, p. 445.

With respect to the Department's jurisdiction over traffic control, the General Assembly delineated State highways outside incorporated cities and towns from highways which are also streets of incorporated municipalities. By 17 Del.C. § 141,[6] the Department is empowered to regulate traffic on State highways outside the limits of incorporated cities and towns. There is no analogous statutory power vested in the Department to regulate traffic on State highways which pass through incorporated cities and towns via the streets thereof. By necessary implication, the General Assembly has withheld from the Department the power to regulate traffic on streets within incorporated cities and towns;[7] and in the instant case has expressly vested that power in the City of New Castle. 27 Del.L. Ch. 216 as amended.

When read together, the pertinent statutory provisions manifest the legislative intent as to control of State highways which are also streets within incorporated municipalities to be as follows: the Department has no "power, authority, or jurisdiction of the streets of any incorporated city or town" except as granted by statute or by the municipality. 17 Del.C. § 134(a).[8]

---

incorporated city or town, it shall have the whole and sole control over such construction and over the maintenance of the highway through the city or town, and such highway shall not be undermined, broken open or any wise torn up for any purpose, except by the permit in writing of the Department."

5. 21 Del.C. § 4101(b) provides:
"(b) Local authorities, except as expressly authorized by law, shall not alter any speed limitations declared in this chapter or enact or enforce any rule or regulations contrary to the provisions of this chapter, except that the local authorities may, with the consent of the Department of Public Safety, provide by ordinance for the regulation of traffic by means of traffic officers or semaphores or other signaling devices on any portion of the highway where traffic is heavy or continuous and may prohibit other than one-way traffic upon certain highways and may regulate the use of the highways by processions or assemblages. * * *."

6. 17 Del.C. § 141 provides:
"§ 141. Regulation of traffic; exceptions
"The Department shall have jurisdiction and control of all State highways of this State outside of the limits of incorporated cities and towns for the purpose of regulating traffic and the use and operation of all vehicles thereover; and may adopt any and all reasonable rules and regulations respecting the use of such highways and the operation of all vehicles upon the same. Nothing in this section shall be construed as granting to the Department the right to make any rules and regulations respecting the use of the highways inconsistent with any Act of the General Assembly."

7. Not involved here are powers of the Department over a part of a highway system constructed through a municipality but not via its streets. Compare Piekarski v. Smith, Del.Supr., 38 Del.Ch. 402, 153 A.2d 587 (1959).

8. 17 Del.C. § 134(a) provides:
"(a) The Department shall have no power, authority, or jurisdiction of the streets of any incorporated city or town, except as otherwise provided in this section, unless such power, authority and jurisdiction shall be voluntarily given and surrendered by such city or town to the Department, and then only upon such terms as the Department shall prescribe."

The only statutory grant to the Department, as to such streets, is "whole and sole control over * * * construction and over the maintenance of the highway through the city or town." 17 Del.C. § 134(c). And there is no evidence of a grant of authority to the Department by the City; on the contrary, the evidence shows a written agreement between the City and the Department under which the Department agreed to maintain Washington Street while the City retained "sole authority to adopt all reasonable traffic regulations."

The limitations upon the powers of the Department are not enlarged by 21 Del.C. § 4101(b), relied upon by the appellant. The latter provision prohibits local authorities from altering any speed limit established in 21 Del.L. Ch. 41 and from enacting or enforcing any rule or regulation "contrary to the provisions of this chapter." While § 4101(b) is a limitation upon the powers of local authorities, the Ordinance here involved does not violate that limitation because it alters no speed limits and conflicts with no rules of the road established by 21 Del.L. Ch. 41.

■ We hold, therefore, that the City of New Castle was empowered to enact the Commercial Traffic Ordinance here involved. The Ordinance is valid and effective.

## II.

■ The defendant also attacks the Ordinance as being an unreasonable exercise of the City's police power. We find no merit in this contention.

The regulation of motor vehicles, even to the complete exclusion thereof from certain of its streets, is within the police power of a municipality when the regulation bears a reasonable relationship to the public safety and welfare and is not arbitrary. Garneau v. Eggers, 113 N.J.L. 245, 174 A. 250 (1934); Town of Atlantic Beach v. Oosterhoudt, 127 Fla. 159, 172 So. 687 (1937); Annotation, 73 A.L.R.2d 689, 691. Considering the residential nature of the area here involved, it appears that the prohibition of truck traffic in the instant case, under the provisos of the Ordinance, bears a reasonable relationship to the public safety and welfare. The Superior Court so found; we agree. Accordingly, in our opinion, the Ordinance was not an arbitrary and capricious exercise of the police power.

The foregoing conclusion of reasonableness is based upon the availability of an alternate route that is safe and adequate though longer and inconvenient. Neary v. Town of Los Altos Hills, 172 Cal.App.2d 721, 343 P.2d 155 (1959); Fenton Gravel Co. v. Village of Fenton, 371 Mich. 358, 123 N.W.2d 763 (1963); Annotation, 75 A.L.R.2d 376, 403. In the instant case, there is ample evidence of a safe and adequate route, as found by the Trial Judge. While the alternate route available to the defendant may be somewhat circuitous and inconvenient, in that it may add 10 miles to certain round trips, we agree with the Trial Court that the Ordinance is not rendered constitutionally defective by reason thereof.

## III.

None of the other issues raised by the defendant is properly before us in these proceedings deemed to be in the nature of prohibition or certiorari proceedings.

* * *

Affirmed.