CITY OF TRENTON v WAYNE COUNTY BOARD OF ROAD
COMMISSIONERS

Docket No. 50777. Submitted June 8, 1981, at Detroit.—Decided May
19, 1982.

The City of Trenton enacted a city ordinance placing a 20,000-
pound gross weight restriction on the part of West Jefferson
Avenue located within the boundaries of the city. The city
erected signs reflecting the weight restrictions and establishing
an alternate heavy truck route. The ordinance was enforced by
issuance of traffic citations. West Jefferson Avenue is a county
road under the jurisdiction of the Wayne County Board of Road
Commissioners. The county road commission removed the city's
signs because the city had failed to seek the road commission's
permission to impose the weight restrictions and erect the
signs. The city replaced the signs, which were again removed
by the road commission. The city sought declaratory and in-
junctive relief from the road commission's interference with
enforcement of the ordinance in Wayne Circuit Court. Defen-
dant counter-claimed against plaintiff for declaratory and in-
junctive relief and a preliminary injunction was issued against
plaintiff. The trial court then granted defendant's motion for
summary judgment and enjoined the plaintiff from enforcing
any ordinance regulating the weight of trucks on county roads
under the jurisdiction of the defendant, Horace W. Gilmore, J.
Plaintiff appeals. *Held:*

The Michigan Vehicle Code requires that a local authority
receive permission from the county road commission before
placing or maintaining any traffic control device upon any
county road within its jurisdiction. Because the reasonable
control of streets reserved to cities under the Michigan Consti-
tution is not exclusive control, this provision of the Michigan
Vehicle Code does not impose an unconstitutional limitation on
the city's power to pass and enforce ordinances regulating

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways and Streets § 204.
Construction and operation of statutes or regulations restricting the
weight of motor vehicles or their loads. 45 ALR3d 503.
[2-6] 39 Am Jur 2d, Highways and Streets §§ 202, 203.

weight limitations on roads within its jurisdiction. At the same time, the county road commission cannot arbitrarily withhold permission to place or maintain any traffic control device on a county road. Summary judgment in favor of defendant was proper since plaintiff failed to seek defendant's permission prior to posting the gross weight restrictions. The lower court's order is limited to the specific ordinance at issue in this case. Regulatory ordinances which constitute reasonable control may be enforced upon compliance with the provisions of the Michigan Vehicle Code.

Affirmed.

1. HIGHWAYS — WEIGHT RESTRICTIONS — COUNTY ROADS — STATE TRUNK HIGHWAYS.

A local authority must receive permission from the state highway commissioner or the appropriate county road commission before placing any traffic control device, including gross weight restrictions, upon any state trunk highway under the jurisdiction of the state highway commissioner or any county road under the jurisdiction of that county's road commission (MCL 257.609[b]; MSA 9.2309[b]).

2. HIGHWAYS — WEIGHT RESTRICTIONS — COUNTY ROAD COMMISSIONS.

Local authorities and county road commissions have concurrent authority to impose weight restrictions on highways under both their jurisdictions (MCL 257.726; MSA 9.2426).

3. HIGHWAYS — CITIES — CONTROL OF STREETS.

The reasonable control of streets reserved to cities under the Michigan Constitution is not exclusive control (Const 1963, art 7, § 29).

4. HIGHWAYS — COUNTY ROADS — TRAFFIC CONTROL DEVICES.

A county road commission may not arbitrarily withhold from a local authority permission to place or maintain any traffic control device on a county road within the jurisdiction of the local authority (MCL 257.609[b]; MSA 9.2309[b]).

5. HIGHWAYS — TRAFFIC CONTROL DEVICES — COUNTY ROAD COMMISSIONS.

The propriety of a specific grant or denial by a county road commission of a request by a local authority to post a traffic control device on a county road depends upon whether the imposition of the device constitutes an exercise by the local authority of its constitutionally reserved power of reasonable control over highways, streets, alleys and public places (Const 1963, art 7, § 29).

6. HIGHWAYS — TRAFFIC CONTROL DEVICES — COUNTY ROADS.

    A local authority, in requesting permission from a county road commission to post a traffic control regulation on a county road within its jurisdiction, must demonstrate that the regulation is reasonable in application to the facts and circumstances of the case; whether the regulation constitutes an exercise of reasonable control must be determined on a case-by-case basis by consideration of peculiar local conditions, fiscal considerations, safety factors, and the extent to which a particular restriction is consistent with state law.

*Burley, Smiertka, Swank & Misko, P.C.,* for plaintiff.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Theodore Sachs* and *Mary Ellen Gurewitz),* for defendant.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

H. R. GAGE, J. Plaintiff, City of Trenton, appeals an order of summary judgment granted in favor of defendant, Wayne County Board of Road Commissioners. This suit arose out of a dispute over plaintiff's authority to impose weight restrictions on West Jefferson Avenue, a county road under defendant's jurisdiction which is located within plaintiff's city limits. On February 20, 1979, plaintiff enacted city ordinance No. 371-57, which placed a 20,000-pound gross weight restriction on the part of West Jefferson that is located within plaintiff's boundaries. Plaintiff subsequently posted signs on West Jefferson which reflected the weight restrictions and established an alternate heavy truck route from West Jefferson to Fort Street within city limits. It is undisputed that plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

failed to seek defendant's permission to erect the signs.

Plaintiff's ordinance was enforced through the issuance of traffic citations until July 17, 1979, when defendant's employees removed plaintiff's signs. Plaintiff put the signs up again on July 23, 1979, but they were again removed by defendant. Plaintiff sought declaratory and injunctive relief from defendant's interference with enforcement of the ordinance. Defendant counter-claimed against plaintiff for declaratory and injunctive relief, and a preliminary injunction was issued against plaintiff.

The trial court then granted defendant's motion for summary judgment which was brought pursuant to GCR 1963, 117.2(3). The trial court held:

"[T]he actions of the City of Trenton in having placed and maintained traffic control devices upon West Jefferson Avenue, a county road within the jurisdiction of the defendant County Board of Road Commissioners, without the permission of and over the objection of said road commission, was violative of § 609 of the motor vehicle code, 1949 PA 300; MCL 257.609(b) [MSA 9.2309(b)], and the constitutional authority from which it derives, Const 1963, art 7, § 16 and Const 1963, art 7, § 29."

The trial court's order enjoined plaintiff, pending further order of the court, "from enforcing or attempting to enforce by means of signs, traffic tickets, or by any other means, City of Trenton ordinance 371.57, or any other ordinance regulating the weight of trucks on county roads under the jurisdiction of [defendant]".

MCL 257.609(b); MSA 9.2309(b) (§ 609[b] of the Michigan Vehicle Code) provides in pertinent part:

*"No local authority shall place or maintain any traffic-control device* upon any trunk line highway under the jurisdiction of the state highway commissioner except by the latter's permission or *upon any county road without the permission of the county road commission having jurisdiction thereof."* (Emphasis supplied.)

Plaintiff contends that § 609(b) is unconstitutional insofar as it is construed to limit plaintiff's authority to enact and enforce a local ordinance regulating weight restrictions on West Jefferson within city limits. Plaintiff argues that, as a home-rule city, under Const 1963, art 7, §§ 22 and 29, it has authority to enact such an ordinance. Sections 22 and 29 provide:

"Sec. 22. Under general laws the electors of each city and village shall have the power and authority to frame, adopt and amend its charter, and to amend an existing charter of the city or village heretofore granted or enacted by the legislature for the government of the city or village. *Each such city and village shall have power to adopt resolutions and ordinances relating to its municipal concerns, property and government, subject to the constitution and law.* No enumeration of powers granted to cities and villages in this constitution shall limit or restrict the general grant of authority conferred by this section.

\* \* \*

"Sec. 29. No person, partnership, association or corporation, public or private, operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of any county, township, city or village for wires, poles, pipes, tracks, conduits or other utility facilities, without the consent of the duly constituted authority of the county, township, city or village; or to transact local business therein without first obtaining a franchise from the township, city or village. *Except as otherwise provided in this constitution the right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys*

*and public places is hereby reserved to such local units of government."* (Emphasis supplied.)

Both plaintiff and defendant possess the constitutionally reserved power of reasonable control of highways and streets within their respective city and county limits pursuant to § 29. Furthermore, they possess concurrent authority to impose weight restrictions on highways under their jurisdictions pursuant to § 726 of the Michigan Vehicle Code, MCL 257.726; MSA 9.2426. Section 726 provides, in pertinent part:

"Sec. 726. (1) Local authorities and county road commissions with respect to highways under their jurisdiction, except state trunk line highways, may by ordinance or resolution, prohibit the operation of trucks or other commercial vehicles, or may impose limitations as [to] the weight thereof on designated highways, which prohibitions and limitations shall be designated by appropriate signs placed on such highways."

Under § 609(b) of the Michigan Vehicle Code, MCL 257.609(b); MSA 9.2309(b), plaintiff's placement of signs delineating maximum weights is conditioned upon application for and receipt of permission from defendant. We disagree with plaintiff's contention that this is an unconstitutional limitation on its power to pass and enforce ordinances regulating weight limitations on roads within its jurisdiction. The reasonable control of streets reserved to cities under the constitution is not exclusive control. *Cf. Jourdin v City of Flint,* 355 Mich 513, 522; 94 NW2d 900 (1959), *Allen v State Highway Comm'r,* 338 Mich 407, 415; 61 NW2d 625 (1953), *Allen v Rogers,* 246 Mich 501, 508; 224 NW 632 (1929). Correspondingly, we cannot agree with defendant's contention that defendant exercises *ipso facto* paramount control over

West Jefferson by virtue of its "county" as opposed to "local" status.

Under § 609(b), a county road commission may not arbitrarily withhold from a local authority permission to place or maintain any traffic control device on a county road. In effect, such a reservation would constitute a veto power. Whether a specific grant or denial of permission to post a traffic control device is proper depends upon whether the imposition of the device constitutes an exercise of the constitutionally reserved power of "reasonable control" over highways, streets, alleys and public places. Const 1963, art 7, § 29. In requesting permission pursuant to § 609(b), the local authority must demonstrate that the regulation is reasonable in application to the facts and circumstances of the case. See *Fenton Gravel Co, Inc v Village of Fenton,* 371 Mich 358, 366; 123 NW2d 763 (1963). Whether a given municipal action constitutes an exercise of reasonable control must be determined on a case-by-case basis. Factors which should be considered include peculiar local conditions, fiscal considerations, safety factors, and the extent to which a particular restriction is consistent with state law. See *Fenton Gravel, supra, Dearborn v Sugden & Sivier, Inc,* 343 Mich 257; 72 NW2d 185 (1955), *Brennan v Recorder of City of Detroit,* 207 Mich 35, 38; 173 NW 511 (1919). *People v McGraw,* 184 Mich 233, 238; 150 NW 836 (1915).

In the case at bar, because it is uncontroverted that plaintiff failed to seek the permission of defendant prior to posting the gross weight restrictions, plaintiff's actions constituted a clear violation of § 609(b). Hence, summary judgment in favor of defendant was proper. However, the trial

court's order which enjoins plaintiff from enforcing any ordinance regulating the weight of trucks on county roads under defendant's jurisdiction is limited to ordinance 371-57. Regulatory ordinances which constitute "reasonable control" may be enforced upon compliance with § 609(b) as is outlined above.

Affirmed.