Howard T. Hogan, J.
In an action for a judgment declaring Ordinance No. 41 of the Incorporated Village of Eoslyn unconstitutional, unreasonable, illegal and void, and permanently enjoining its enforcement, plaintiffs Gotham Sand & Stone Oorp. and Colonial Sand & Stone Co., Inc., move for an injunction pendente lite. The moving plaintiffs or their predecessors have, for many years, conducted the business of mining sand and gravel and/or transporting it by truck or barge from an area lying between Port Washington and Eoslyn, in the Town of North Hempstead, to various parts of Long Island. The only means of reaching or leaving their plants by land is along East Shore Eoad which runs north and south along the west side of Hempstead Harbor, passes under the Eoslyn Overpass and links with the north end of Main Street, which latter runs southerly through the center of the Village of Eoslyn.
In March, 1959 the village adopted the ordinance which is attacked in this action. It provides that it shall be unlawful for any person to operate any auto truck with an unloaded weight in excess of 12,000 lbs. on Main Street, from the intersection of Northern Blvd. (Willow Ave.) to the intersection of Eailroad Avenue, and on East Broadway. This prohibition applies only to ‘ ‘ through ’ ’ traffic. Each violation of these provisions is punishable by a fine not exceeding $50 or by imprisonment for a term of not exceeding 30 days. ■
The aforesaid Main Street and East Broadway are the only north-south highways in the village.
*480 Plaintiffs maintain that under all the circumstances, the defendants, by adopting this ordinance, have left them no feasible means of exit for their trucks from East Shore Road.
Willis Avenue, a north-south highway, runs along the westerly boundary of the village. Since the adoption of the ordinance, plaintiffs can reach it from East Shore Road only by Northern Boulevard, an east-west road, approximately 2,000 feet in length, which was part of Route 25A until replaced by the Roslyn Overhead by-pass. The ordinance was apparently designed so that Northern Blvd. and Willis Avenue could provide a route for through traffic alternate to Main Street and East Broadway.
Plaintiffs contend that this link between East Shore Road and Willis Avenue is inadequate, unsafe and completely impractical, that in fact, all north-south through passage of vehicles from East Shore Road with unloaded weight in excess of 12,000 lbs. is barred from the Village of Roslyn.
Section 1640 of the Vehicle and Traffic Law provides that a village may, by ordinance (subd. [a], par. 5) “ Exclude trucks, commercial vehicles, tractors, tractor-trailer combinations and trucks in excess of any designated weight from designated highways ”, and may (subd. [a], par. 10) “ Establish a system of truck routes upon which all trucks, tractors, and tractor-trailer combinations having a total gross weight in excess of ten thousand pounds are permitted to travel and operate and excluding such vehicles and combinations from all highways except those which constitute such truck route system. Such exclusion shall not be construed to prevent the delivery or pick up of merchandise or other property along the highways from which such vehicles and combinations are otherwise excluded. Any such system of truck routes shall provide suitable connection with all state routes entering or leaving such city or village.”
The law governing, as clearly enunciated by the Court of Appeals in People v. Grant (306 N. Y. 258, 262), and in the light of which section 1640 of the Vehicle and Traffic Law must be read, is that: “ Bearing in mind the principle above mentioned that political subdivisions and municipal corporations hold the fee of streets for the benefit of the whole people, it follows that residents of a particular area in a town or village do not possess and cannot be granted proprietory right to the use of the highways therein, in priority to or exclusive of use by the general public.”
And (p. 263 et seq.): “ The object sought by this ordinance might have been accomplished, to some degree, by establishing arterial highways through this portion of the town or village, and by encouraging through traffic to travel thereon, if there were *481 any streets adapted to that object.” (Emphasis supplied.)
The court is familiar with this area and in particular with the junction of East Shore Road and Northern Boulevard. A vehicle traveling south on East Shore Road and attempting to enter Northern Boulevard (as must plaintiffs’ if they are to reach Willis Ave. from their plants) would be forced to negotiate an abrupt right turn of approximately 135 degrees, which may fairly be described as of the ‘ ‘ hairpin ’ ’ variety, and simultaneously to begin climbing a steep incline. Under the best of conditions this constitutes a dangerous traffic hazard.
It appears to the court at this time that under adverse circumstances such as a wet or icy road surface, a heavily loaded truck or trailer-truck would find it virtually impassable. For this reason and for the additional reasons that plaintiffs might suffer great harm if the ordinance is enforced, whereas the defendant village has been tolerating the use of Main Street by plaintiffs’ trucks for many years, this motion is granted and defendants are enjoined, pending trial, from enforcing Ordinance No. 41 against the plaintiffs unless they can provide, in the meantime, a safe, alternate route through the village.
Supplemental Memorandum
Defendants have suggested that an adequate alternate route for plaintiffs’ trucks is supplied by Willow Avenue and School Street, which run easterly and northeasterly into North Hemp-stead Tpke. (Route 25A) which, in turn, intersects with Glen Cove Road, a north-south artery.
Not only are Willow Street and School Street narrow, congested roads, running through the very heart of the business section of the village but this proposed route involves a detour to the east of approximately 1% miles by all trucks seeking to reach the southerly and westerly portions of the county.
In the opinion of the court, the defendants have not established, for the purposes of this motion, that this constitutes a suitable alternate route. Accordingly, it adheres to its original decision.