Francis J. Donovan, J.
The defendant is charged with operating a truck on a posted “No Thru Trucking ” street. He now moves to dismiss the information, because it fails to set forth facts constituting a violation of law.
For some time in this county, various municipalities have erected signs reading: “No Thru Trucking.” If these signs are to be literally understood, they mean that no truck may use the street, regardless of its size and weight for thru passage.
Neither a town, nor a village has the absolute power to exclude vehicles from its streets. Whatever powers municipalities have in regard to regulating the use of streets by trucks must be found in the powers delegated to them in the Vehicle and Traffic Law (People v. Grant, 306 N. Y. 258).
Section 1660 (subd. [a]) of the Vehicle and Traffic Law provides that towns may:
‘ ‘ 10. Establish a system of truck routes upon which all trucks, tractors, and tractor-trailer combinations Laving a total gross weight in excess of ten thousand pounds are permitted to travel and operate and excluding such vehicles and combinations from all highways except those which constitute such truck route system. Such exclusion shall not be construed to prevent the delivery or pickup of merchandise or other property along the highways from which such vehicles and combinations are otherwise excluded. Any such system of truck routes shall provide suitable connection with all state routes entering or leaving such town. ’ ’
* * *
1 ‘ 17. Exclude trucks, commercial vehicles, tractors, tractor-trailer combinations and trucks in excess of any designated weight from designated highways.”
Section 1640 makes similar provision for villages. Where the municipality purports to act pursuant to the above sections, its *51 action must be reasonable (cf. Gotham Sand & Stone Corp. v. Incorporated Vil. of Roslyn, 20 Misc 2d 478).
Assuming — as indicated in the information — the sign prohibited through trucking, the sign is illegal and does not conform to the Vehicle and Traffic Law.
Even where the municipality has the power to restrict trucks to a given route and exclude them from all other streets or roads, there is a limitation based upon weight. Such a limitation is necessary in order that the power of the municipality may be reasonably exercised. It is conceivable that the wear and tear on the town’s roads may be increased by heavier vehicles and that some streets may support such traffic while others, from the engineering point of view, might be either inadequate or be subjected to unreasonable wear and tear.
The court takes judicial notice of the fact that Oceanside is in the unincorporated area of the Town of Hempstead. This case is therefore governed by section 1660 of the Vehicle and Traffic Law.
The motion to dismiss the information is granted.