**The STATE of Delaware**

v.

**John CROSSAN.**

Superior Court of Delaware, New Castle.

Oct. 15, 1970.

Henry N. Herndon, Jr., Deputy Atty. Gen. for the State of Delaware.

L. Vincent Ramunno, Wilmington, for defendant.

OPINION

MESSICK, Judge.

This is an appeal by defendant from conviction in the Mayor's Court of the City of New Castle of a violation of a City ordinance barring trucks and other commercial vehicles from City streets unless the trucks are making deliveries or pick-ups within the City, are operated by commercial enterprises within the City, or are used as a means of transportation by City residents. Defendant is employed as a vehicle driver for a sand and gravel company located adjacent to State Route 9 immediately south of the City limits. The business has been in operation and has utilized local streets for transporting sand and gravel directly through New Castle to areas north of town for 15 years. Enforcement of the ordinance makes it impossible for defendant's employer's trucks to continue proceeding directly through New Castle to destinations north of town. The only alternative route to areas north of New Castle is several miles longer and involves proceeding circuitously by way of a road badly in need of repairs to another route entering New Castle from the west.

The first question presented by this case is whether an incorporated town in Delaware has jurisdiction to prohibit through-truck traffic on portions of state maintained highway located within the town.

Pursuant to 27 Del.Laws, Ch. 216, § 15 and 16, the City of New Castle has been

granted legislative police power to regulate the use of streets and roads. Municipal regulations enacted pursuant to such authority are jurisdictionally valid so long as they do not conflict with existing state regulations or attempt to affect areas expressly pre-empted by the state. Poynter v. Walling, 4 Storey 409, 177 A.2d 641 (Del.Super.Ct.1962). Although 17 Del.C. § 131, with certain exceptions, vests general jurisdiction over "all roads and streets situate in unincorporated suburban communities throughout the state" in the State Department of Highways, 17 Del.C. § 134 (a) makes it clear that the state has " * * * no power, authority, or jurisdiction of the streets of any incorporated city or town * * *" Although certain exceptions to the lack of jurisdiction of the state are provided in § 134, none of these pertain to traffic regulation. Significantly, the state is expressly granted jurisdiction over regulation of traffic on all state highways *outside* the limits of incorporated cities and towns. 17 Del.C. § 141. A consideration of these authorities convinces the Court that the City of New Castle had jurisdiction to enact the subject ordinance. See 144 A.L.R. 307, 317.

The second issue raised by this case is whether a municipal ordinance barring truck traffic from certain city streets is constitutionally reasonable where enforcement of the ordinance requires businesses located on a State Highway south of town to utilize an alternative route to areas north of town which is several miles longer and portions of which are badly in need of repair.

It is clear that a municipality has the constitutional power to regulate and, in certain areas, even exclude truck traffic within the city so long as such regulations bear a direct relationship to the public purpose to be served and is not unreasonable or arbitrary. Garneau v. Eggers, 113 N.J.L. 245, 174 A. 250 (1934). As stated in 73 A.L.R.2d 689, 691:

" * * * government in general * * * has the power to promulgate or enforce traffic regulations in the general public interest, even if they interfere to some extent with the convenience of an abutter's access, or compel some circuity of route."

The crucial question is when, under all the circumstances, does the interference caused by the regulation become unreasonable. The closing of designated city streets to certain trucks has been held unreasonable as to a business located near the city where *no* alternative route through the city was available. Neary v. Town of Los Altos Hills, 172 Cal.App.2d 721, 343 P.2d 155 (1959). Enforcement of similar regulations has been held unreasonable as to a business located immediately outside of town where the only alternative route constituted "a dangerous traffic hazard" in addition to an inconvenience. Gotham Sand & Stone Corp. v. Incorporated Village, 20 Misc.2d 478, 190 N.Y.S.2d 451 (1959). Conversely, closing of designated streets to truck traffic has been upheld, even where the use of an alternative route available to a business located near town was inconvenient, longer and more expensive. Fenton Gravel Co. v. Village of Fenton, 371 Mich. 358, 123 N.W.2d 763 (1963); McCammon v. City of Redwood City, 149 Cal.App.2d 421, 308 P.2d 831 (1957); 75 A.L.R.2d 376, 403, 405. Considering these authorities, as well as all the circumstances of this case and the presumption of constitutionality of legislative enactments (Klein v. National Pressure Cooker Co., 31 Del.Ch. 459, 64 A.2d 529 [Del.Sup.Ct.1949]), it cannot be said that the alternative route available is so unsafe or presents such an inconvenience as to render the closing of certain New Castle streets to truck traffic unreasonable. Accordingly, the ordinance is valid and the defendant's conviction is affirmed.

It is so ordered.