John B. Folmer, Esq. Cortlandville Town Attorney
You request our opinion whether a town board may exclude vehicles from highways in a town and if so, what vehicles and under what circumstances.
This opinion does not apply in the event of highway construction, reconstruction or repair or in cases of sudden, unforeseeable emergencies such as accidents, washouts, etc.
In People v Grant, 306 N.Y. 258 (1954), it was stated, at page 260:
 "Streets pertain to the exercise of a governmental function [citations omitted]. Political subdivisions and municipal corporations hold the fee of streets for the benefit of the public. This refers not alone to adjacent property owners, nor to the inhabitants of the particular political subdivision or municipality, but to the whole people [citations omitted]. It signifies that streets are subject exclusively to regulation and control by the State as sovereign, except to the extent that the Legislature delegates power over them to political subdivisions and municipal corporations."
and at page 262 the Court remarked:
 "Bearing in mind the principle above mentioned that political subdivisions and municipal corporations hold the fee of streets for the benefit of the whole people, it follows that residents of a particular area in a town or village do not possess and cannot be granted proprietary rights to the use of the highways therein in priority to or exclusive of use by the general public."
The Municipal Home Rule Law was adopted in 1963. In section 10 subd 1 par i it authorizes municipalities to adopt local laws not in conflict with the provisions of the Constitution or not inconsistent with any general laws relating to their property, affairs or government and, in paragraph ii, relating to certain specified subjects whether or not they relate to property, affairs or government, unless the Legislature restricts the adoption thereof. One such grant of power, in paragraph ii subparagraph a clause 6, is "[t]he acquisition, care, management and use of its highways, roads, streets, avenues and property". Home rule power is not a factor in this opinion because the Vehicle and Traffic Law is a general law (§ 1600) and, in addition, in section 1604 it restricts the adoption of inconsistent local laws.
Vehicle and Traffic Law Article 41 (§§ 1660-1664) deals with regulation of traffic by towns and in section 1660 subd a lists the subjects which can be so regulated, provides that the regulations cannot apply to highways in villages in a town and, with certain exceptions, cannot apply to State highways maintained by the State. Exclusion of vehicles is one of the subjects upon which a town board may act.
Exclusions of vehicles can be both temporary and permanent. Temporary exclusion is authorized in paragraph 11:
"§ 1660. Traffic regulations in all towns
 "(a) The town board of any town with respect to highways outside of villages in any such town, but not including state highways maintained by the state except with respect to subdivisions six, eight, nine and ten, subject to the limitations imposed by section sixteen hundred eighty-four may by ordinance, order, rule or regulation:
* * *
 "11. Temporarily exclude from any portion of any town highway any vehicle with a gross weight of over four or more tons or any vehicle with a gross weight in excess of any designated weight on any wheel, axle, any number of axles, or per inch width of tire when in its opinion such highway would be materially injured by the operation of any such vehicle thereon. Such exclusion shall take effect upon the erection of signs on the section of highway from which such vehicles are excluded, and a notice that such vehicles are excluded shall be published in a newspaper in the county where the highway is situated. The exclusion shall remain in effect until the removal of the signs as directed by the town board. Upon written application by any operator of a vehicle subject to this section, the town board may issue a permit providing appropriate exemption to such vehicle, if it is deemed that said vehicle is performing essential local pickup or delivery service and that a failure to grant such permit would create hardship. Every such permit may designate the route to be traversed and contain other reasonable restrictions or conditions deemed necessary. Every such permit shall be carried on the vehicle to which it refers and shall be open to inspection of any peace officer. Such permits shall be for the duration of the restriction imposed under this section." (Emphasis supplied.)
The temporary exclusion is most frequently applied when the ground is unstable due to the spring thaw and sometimes applied when a prolonged rainy spell has saturated the ground.
Permanent exclusions are authorized in paragraphs 10, 12 and 17 of section 1660 subdivision a and by subdivisions b and c.
Paragraph 12 provides that a town board may:
 "12. Prohibit, restrict or regulate the operation of vehicles on any controlled-access highway or the use of any controlled-access highway by any vehicle, device moved by human power or pedestrian." (Emphasis supplied.)
This power, because of the limitations above mentioned, cannot apply to State highways maintained by the State or any highway in a village, hence the words "any controlled-access highway" apply to town and county highways in the town outside of villages.
Paragraphs 10 and 17 authorize a town board to:
 "10. Establish a system of truck routes upon which all trucks, tractors, and tractor-trailer combinations having a total gross weight in excess of ten thousand pounds are permitted to travel and operate and excluding such vehicles and combinations from all highways except those which constitute such truck route systems. Such exclusion shall not be construed to prevent the delivery or pickup of merchandise or other property along the highways from which such vehicles and combinations are otherwise excluded. Any such system of truck routes shall provide suitable connection with all state routes entering or leaving such town.
* * *
 "17. Exclude trucks, commercial vehicles, tractors, tractor-trailer combinations and trucks in excess of any designated weight from designated highways."
In court decisions interpreting paragraph 17, the rule stated in People vGrant (supra) requires paragraph 17 to be read with and modified by paragraph 10. The "designated highways" mentioned in paragraph 17 are those from which, under paragraph 10, specified vehicles have been excluded, but paragraph 17 authorizes exclusion of lighter vehicles than those specified in paragraph 10. Similar interpretations are made concerning Vehicle and Traffic Law § 1640 subd a par 10, which is identical to paragraph 10 above, and paragraph 5 which is identical to paragraph 17 above, and which relate to regulation of traffic by cities and villages. In all cases the regulation must be reasonable (People vGrant, 306 N.Y. 258 [1954]; Bakery Salvage v City of Lackawanna,24 N.Y.2d 643 [1969]; Gotham Sand Stone Corp. v Inc. Vil. of Roslyn,20 Misc.2d 478 [Sup Ct, Nassau Co, 1959]; People v Verity, 50 Misc.2d 50
[Dist Ct, Nassau Co, 1966]; Mobil Oil Corp. v Inc. Vil. of RoslynHeights, 69 Misc.2d 79 [Sup Ct, Nassau Co, 1972]).
The first, unnumbered paragraph of Vehicle and Traffic Law § 1660
subd a (set forth above) contains exceptions to the limitation of power granted to a town board to regulate traffic on State highways maintained by the State. One exception applies to paragraph 10, relating to truck routes and, because paragraph 17 must be coupled with paragraph 10 in its application, the exception applies indirectly to paragraph 17. Thus, the system of truck routes can include all portions of any such State highway, any county highway and any town highway not in a village. However, the exception to the limitation of power is, in turn, restricted by the provisions of Vehicle and Traffic Law § 1684, which prohibits local authorities from restraining traffic on and use of such State highways; thus, the town board cannot exclude vehicles from State highways maintained by the State.
Vehicle and Traffic Law § 1660 subd b requires a town board to post signs showing the maximum safe load on bridges and elevated structures on highways under its jurisdiction if their capacities are less than the maximum weight limits for vehicles set by Vehicle and Traffic Law §385 and subdivision c requires the town board to post signs on such highways if the minimum overhead clearance of bridges and elevated structures is less than fourteen feet.