PEOPLE *v.* DROST.

1. MUNICIPAL CORPORATIONS—ORDINANCES—STATUTES—TRAFFIC.
   A municipality may pass ordinances regulating traffic on its streets which do not contravene the State laws (Const 1908, art 8, §§ 21, 28).

2. SAME — ORDINANCES — STATUTES — CARELESS   DRIVING — RECKLESS DRIVING.
   A municipal ordinance prohibiting a motorist from driving "without due caution and circumspection and at a speed or in a manner so as to endanger any person or property" and denoting such as "careless driving" *held,* not to contravene similarly worded State statute characterizing such conduct therein as reckless driving, since it did not assume to authorize conduct by users of streets and highways of a character forbidden by general State law (Const 1908, art 8, §§ 21, 28; CLS 1956, § 257.627; City of Muskegon Traffic Ordinance, § 40, subd A).

Appeal from Muskegon; Beers (Henry L.), J. Submitted April 17, 1958. (Docket No. 81, Calendar No. 47,545.) Decided September 10, 1958.

Louis F. Drost was charged, under the ordinance of the City of Muskegon, with a traffic violation. Ordinance held invalid in municipal and circuit courts and defendant discharged. City of Muskegon reviews by appeal in the nature of mandamus. Reversed and remanded.

*Edward C. Farmer* and *H. Winston Hathaway,* for plaintiff.

EDWARDS, J. The question presented by this case is set forth thus by appellant:

"May the city of Muskegon enact and enforce an ordinance declaring that 'Any person who drives any vehicle upon a highway without due caution and

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5A Am Jur, Automobiles and Highway Traffic §§ 7, 8.

circumspection and at a speed or in a manner so as
to endanger any person or property, shall be guilty
of careless driving,' when the Michigan vehicle code
has declared the same conduct to be 'reckless driv-
ing' and provided similar penalties therefor?"

The facts essential to our consideration have been
agreed upon:

"On September 20, 1955, a complaint was filed
with, and a warrant issued by the municipal judge
of the city of Muskegon, charging the defendant and
appellee, Louis F. Drost, with operating a vehicle
on a public street of the city of Muskegon 'without
due caution and circumspection and at a speed and
in a manner so as to endanger other persons and
property, in that he did operate same during the
hours of darkness and at a time of heavy vehicular
traffic, to-wit, 12:30 a.m. on said date, operating
said vehicle at a speed estimated between 40 and
45 miles per hour in a 25-mile-per-hour speed zone,
between the intersection of Western avenue with
Third street and Fourth street, turning off the lights
on his vehicle and passing another vehicle between
Fourth street and Fifth street at a speed of 45 miles
per hour and upwards, turning the lights of his
vehicle back on as he crossed Eighth street, contrary
to the provisions of section 40, subd A' of the street
traffic ordinance of the city of Muskegon.

"Trial was had before the municipal court on
December 8, 1955. Appellee moved to dismiss for
the reason the traffic ordinance pursuant to which
appellee was charged was invalid, it being in con-
flict with the State statute, CLS 1954, § 257.626 (Stat
Ann 1953 Cum Supp § 9.2326), which provides as fol-
lows:

" 'Sec. 626. (a) Any person who drives any vehicle
upon a highway or a frozen public lake, stream or
pond carelessly and heedlessly in wilful or wanton
disregard of the rights or safety of others, or with-
out due caution and circumspection and at a speed
or in a manner so as to endanger or be likely to en-

danger any person or property, shall be guilty of reckless driving and upon conviction shall be punished as provided in paragraph (b) of this section.

" '(b) Every person convicted of reckless driving under paragraph (a) of this section shall be punished by imprisonment in the county or municipal jail for a period of not less than 5 days nor more than 90 days or by fine of not less than $25 nor more than $100, or by both such fine and imprisonment, and on a second or subsequent offense shall be punished by imprisonment for not less than 10 days nor more than 6 months or by a fine of not less than $50 nor more than $1,000, or by both fine and imprisonment.'

"The court heard the proofs and took the motion under advisement.

"Section 40 of the traffic ordinance provides:

" 'A. Any person who drives any vehicle upon a highway without due caution and circumspection and at a speed or in a manner so as to endanger any person or property, shall be guilty of careless driving.

" 'B. Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others shall be guilty of reckless driving.'

"The penalty provided in the ordinance is a fine of any amount not exceeding $100 for each offense or imprisonment in the county jail for a term not exceeding 90 days, or both in the discretion of the court.   *   *   *

"The municipal judge, following the trial, filed an opinion in which he stated, 'After hearing the proofs I am satisfied respondent is guilty as charged if the ordinance is valid.' However, the judge found the ordinance invalid, it being in conflict, he stated, with the section above mentioned of the Michigan motor vehicle code, for the following reasons:

" '1. The ordinance purports to reduce what is gross negligence under the State law to ordinary negligence under the ordinance.

" '2. The ordinance contemplates a penalty not to exceed $100 and/or 90 days in the county jail, while the statute requires a minimum of not less than 5 days in jail or not less than $25 fine, with the maximum penalty being 90 days in the county jail and/or a $100 fine.'

"On May 2, 1956, the municipal judge entered an order dismissing the complaint and warrant and discharging the defendant.

"An appeal was taken to the Muskegon county circuit court by appellant, city of Muskegon, on May 5, 1956, and a return was filed in the latter court on May 9, 1956.

"By stipulation, the circuit court took the question of law raised in the municipal court under advisement, and after the legislature failed during its 1957 term to amend the section of the motor vehicle code above mentioned, the court filed an opinion acquiescing in the opinion of the municipal judge.

"On June 11, 1957, an order was entered in the circuit court, without hearing or trial, dismissing the appeal from the municipal court and discharging appellee.

"On June 28, 1957, plaintiff and appellant filed an application for leave to appeal, and on September 4, 1957, an order was entered granting the application.

"Thereafter a timely appeal was taken in the nature of mandamus by leave granted and the case is submitted upon the foregoing agreed statement of facts."

Under the Constitution of the State of Michigan, "reasonable control" of the streets and alleys is reserved to the cities and villages of this State (Const 1908, art 8, § 28); and section 21 of the same article grants municipalities power to pass ordinances relative to municipal concerns.

This constitutional authority is, of course, not denied but it apparently is the position of the trial judge and the circuit judge in this matter that since the ordinance terms "careless driving," acts which

by the statute are termed "reckless driving," there is a direct conflict which invalidated the ordinance.

A portion of the very words of the statute have been incorporated in the prohibitory portion of the ordinance. It is true that the ordinance describes driving "without due caution and circumspection and at a speed or in a manner so as to endanger any person or property" as "careless driving," where the statute includes such acts under the term "reckless driving." Since, however, the maximum penalties provided are identical, it may well be argued that a rose by any other name would have as many thorns.

The general rule in relation to this matter is stated thus in *People* v. *McGraw,* 184 Mich 233, 238:

"Taking the sections together, they should be so construed as to give the power to municipalities to pass such ordinances and regulations with reference to their highways and bridges as are not inconsistent with the general State law. In other words, the municipality retains *reasonable control* of its highways, which is such control as cannot be said to be unreasonable and inconsistent with regulations which have been established, or may be established, by the State itself with reference thereto. This construction allows a municipality to recognize local and peculiar conditions and to pass ordinances regulating traffic on its streets, which do not contravene the State laws."

We do not believe that this ordinance contravenes the State statute referred to. *People* v. *Hanrahan,* 75 Mich 611 (4 LRA 751); *Surtman* v. *Secretary of State,* 309 Mich 270; *City of Dearborn* v. *Sugden & Sivier, Inc.,* 343 Mich 257. In the words of this last case, this ordinance (pp 265, 266) "does not assume to authorize conduct by those using its streets and highways of a character forbidden by general State law."

The order dismissing this case and discharging the defendant is set aside and the case is remanded to the trial court.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.