CITY OF EAST LANSING v YOCCA

Docket No. 78757. Submitted February 6, 1985, at Lansing.—Decided
May 7, 1985.

David J. Yocca was charged in 54-B District Court with violating
the operating under the influence of liquor provisions of the
City of East Lansing Traffic Code. That court, Daniel L. Tschir-
hart, J., granted defendant's motion to dismiss, finding that the
city improperly promulgated its traffic code by making local
amendments to the Uniform Traffic Code when it adopted that
code as its local ordinance. The city appealed to Ingham Circuit
Court, which reversed, holding that Yocca had not met his
burden of citing specific authority prohibiting the city from
making local changes in the Uniform Traffic Code, James T.
Kallman, J. Defendant appeals by leave granted. *Held:*

1. The City of East Lansing has constitutional authority to
regulate drunk driving within its city limits as long as the
ordinances enacted are not inconsistent with state laws.

2. A city may adopt the Uniform Traffic Code by reference
and, having done so, may add or adopt other regulations not in
the code provided that the regulations so added or adopted do
not conflict with state law.

3. There is no conflict between the plaintiff's ordinances and
the state laws pertaining to drunk driving.

Affirmed.

1. MUNICIPAL CORPORATIONS — DRUNK DRIVING — ORDINANCES —
CONSTITUTIONAL LAW.

A city has constitutional authority to enact ordinances regulating
drunk driving within its city limits as long as the ordinances
enacted do not conflict with state laws (Const 1963, art 7, § 22).

2. MUNICIPAL CORPORATIONS — TRAFFIC ORDINANCES — UNIFORM
TRAFFIC CODE.

A city may adopt the Uniform Traffic Code, promulgated by the
Michigan State Police, and, having done so, may add or adopt

REFERENCES FOR POINTS IN HEADNOTES

[1] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 296-298.

[1, 2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 343 *et seq.*

[3] 39 Am Jur 2d, Highways, Streets, and Bridges § 202 *et seq.*

other regulations not in the code provided that the regulations so added or adopted do not conflict with state law.

3. MUNICIPAL CORPORATIONS — STREETS AND HIGHWAYS.
    Any attempt to wrest all control over streets and highways from a city must be held to be unconstitutional and void.

*McGinty, Brown, Jakubiak, Frankland & Hitch, P.C.* (by *Thomas M. Hitch*), for plaintiff.

*Hubbard, Fox, Thomas, White & Bengtson, P.C.* (by *Thomas A. Bengtson*), for defendant.

Before: DANHOF, C.J., and T. M. BURNS and BEASLEY, JJ.

DANHOF, C.J. Defendant, David Yocca, appeals from the decision of the circuit court which upheld the provisions of the East Lansing Traffic Code contained in Chapter 126 of Title X of the City Code which prohibit the operation of a vehicle under the influence of liquor. Defendant was charged with violating those provisions, but, on March 22, 1984, the district court granted defendant's motion to dismiss, finding that the City of East Lansing improperly promulgated its traffic ordinance when it made local amendments to the Uniform Traffic Code (UTC), 1981 AACS, R 28.1001 *et seq.* The city appealed to the circuit court, which reversed the decision of the district court. Defendant appeals by leave granted. We affirm.

The pertinent facts are not in dispute. On July 16, 1981, pursuant to the provisions of MCL 257.951 *et seq.;* MSA 9.2651 *et seq.,* the city adopted by reference the March, 1981, edition of the UTC for cities, townships, and villages by passing Ordinance No. 513, and then subsequently, on January 18, 1983, passed Ordinance No. 531, to amend No. 513 to conform to the provisions relat-

ing to drunk driving contained in the Michigan Vehicle Code, MCL 257.625 *et seq.;* MSA 9.2325 *et seq.,* after the amendments wrought by Public Acts 309, 310 and 311 of 1982. Those acts became effective on March 31, 1983.

Despite the amendments to the applicable portions of the Michigan Vehicle Code, no corresponding amendment was made to the UTC by the Michigan State Police, the body authorized to administer it. As a result, the city passed Ordinance No. 531, effective March 31, 1983, the purpose of which was to implement those acts. On October 18, 1983, Ordinance No. 539 was passed to. correct errors contained in Ordinance No. 531. Both of the ordinances were published in full.

Essentially, defendant contests the provisions in the ordinance which relate to MCL 257.625(2); MSA 9.2325(2), which provides that a person driving with a .10% blood-alcohol content would automatically be guilty of operating a motor vehicle under the influence of liquor. Previously, that section provided only a rebuttable presumption.

As noted, the district court held the ordinances invalid for the reason that:

"Ordinance[s] No. 531 and 539 are attempts on behalf of the City of East Lansing to amend the Uniform Traffic Code. The City of East Lansing has no authority under the Constitution of the State of Michigan or under the general laws of the State of Michigan to amend the Uniform Traffic Code. The power to promulgate and amend the Uniform Traffic Code is reposed solely in the director of the department of state police as provided in MCLA 257.951-257.954; MSA 9.2651-9.2654. The city has inherent police power to enact ordinances pertaining to drunk driving, but it has no authority other than to adopt the Uniform Traffic Code and its amended provisions as they are promulgated by the director of the department of state police."

Upon the city's appeal to circuit court, the ruling of the district court was reversed.

Defendant's major contention is that 1982 PA 309, 310, and 311 reformed Michigan's drunk driving law to provide for a new per se violation. Because those changes were not reflected in the UTC, 1981 AACS, R 28.1001 *et seq.*, defendant concludes that the city was unauthorized to implement them via an amendment to its ordinance which had adopted the UTC by reference. Defendant asserts that Const 1963, art 7, § 29, which reserves to cities, townships, etc., the right of "reasonable control of their highways, streets, alleys and public places", only extends to areas of "local and peculiar" concern and that drunk driving is not such a local concern.

In addition to the right to reasonably control highways, streets, alleys and public places, Const 1963, art 7, § 22 grants to cities the authority "to adopt resolutions and ordinances relating to [their] municipal concerns, property and government, subject to the constitution and law", but no constitutional enumeration of powers "shall limit or restrict the general grant of authority conferred" upon them. We disagree with defendant that this authority does not include the regulation of drunk driving within the city limits.

In *People v McGraw,* 184 Mich 233, 238; 150 NW 836 (1915), relied upon by defendant, the Supreme Court stated that local ordinances inconsistent with state law were void. It noted, however, that the state's (Legislature's) attempt to take away from cities *all control* of their highways was equally void. In so holding the Supreme Court stated "reasonable control" was that which is not "unreasonable and inconsistent with regulations which have been established, or may be established, by the State itself with reference thereto".

This construction, it was observed, permitted municipalities to recognize "local and peculiar conditions" and to enact ordinances not inconsistent with state laws. The Court specifically recognized the authority of the city to regulate motor vehicle traffic within its boundaries.

Moreover, in *People v Drost*, 353 Mich 691; 91 NW2d 851 (1958), the Supreme Court upheld a city ordinance prohibiting "careless driving" against a challenge that the ordinance conflicted with state law. The Supreme Court noted that "this ordinance * * * 'does not assume to authorize conduct by those using its streets and highways of a character forbidden by general State law.'" 353 Mich 695, quoting *City of Dearborn v Snyder & Sivier, Inc,* 343 Mich 257, 265-266; 72 NW2d 185 (1955). Thus, not only does it appear that the major concern is in preventing local regulation which may actually permit an act prohibited by state law, as opposed to an ordinance which is merely more restrictive than state law, but we also fail to see how the regulation of careless driving may be within the purview of local control while drunk driving is not. Both relate equally to motor vehicle traffic. Indeed, drunk driving would also constitute careless driving. So long as the ordinance does not attempt to regulate beyond the city's jurisdiction, as was true in the cases cited by defendant, see *e.g., North Star Line, Inc v Grand Rapids,* 259 Mich 654; 244 NW 192 (1932), regulation of drunk driving is not beyond the authority of the city merely because it is also a state-wide concern. As is evident by the Supreme Court's decision in *Drost, supra,* the "local and peculiar conditions" language employed in *McGraw, supra,* is not so narrowly circumscribed.

Const 1963, art 7, § 29 directly belies defendant's contention in this regard, since it is to be expected

that "reasonable control" over streets and highways, which encompasses the regulation of motor vehicle traffic, will cover some traffic soon to leave the city limits and become a state-wide concern. When within the city limits, drunk driving is as much a local concern as any other relating to streets and highways. Accordingly, the city's constitutional grant of authority encompasses an ordinance regulating drunk driving.

In addition, defendant's statutory argument, based upon MCL 257.951(1); MSA 9.2651(1), is also deficient. That provision states that a city "may adopt by reference a code or ordinance for the regulation of traffic within [its boundaries] which has been promulgated by the director of the department of state police" and that the Department of State Police "may promulgate a uniform traffic code". Therefore, defendant contends that the city may adopt by reference only those regulations promulgated in the UTC and may not amend or alter the contents of the code. We disagree.

MCL 257.951; MSA 9.2651 provides for a city's adoption by reference of the UTC. It does not simultaneously prohibit the addition and adoption of further regulations, provided such regulations do not conflict with state law. Inasmuch as Ordinance No. 531 implements the changes to MCL 257.625 *et seq.;* MSA 9.2365 *et seq.,* wrought by Public Acts 309, 310, and 311 of 1982, it can hardly be said that there is a conflict. Plaintiff's ability to regulate the streets and highways within its boundaries is not dependent upon the Department of State Police and the UTC. In this connection, defendant improperly characterizes the city's actions as amending the UTC. Rather, the city has amended its ordinance reflecting deviation from the UTC.

Defendant further argues that 1979 AC, R

28.1905 formerly provided that any local government could modify any provision of the UTC, but that the subsequent change in the rule, see 1981 AACS, R 28.1905, provides that *"if* the commissioner of the state police shall thereafter amend such code", any city which has adopted the UTC by reference may adopt the amendment in the same manner. According to defendant, this manifests an intent to exclude such revisions by a city unless the UTC has already been changed. To the extent that defendant would have us read R 28.1905 as precluding the city from implementing any changes, it is unconstitutional. Any attempt to wrest "all control" over streets and highways from a city "must be held to be unconstitutional and void". *McGraw, supra,* p 239. If a city must await the Department of State Police's amendment to the UTC before any deviation from it is permitted, the city is then effectively dependent upon the regulations adopted by the department which, in essence, is a de facto prohibition against the city's "reasonably controlling" its own streets and highways. R 28.1905 goes beyond restricting a city's ability to implement inconsistent regulations and infringes upon its general authority.

Finally, defendant cites MCL 257.605; MSA 9.2305 for the proposition that local ordinances regulating traffic must be uniform throughout the state. That provision, however, prohibits ordinances "in conflict with this chapter", *i.e.,* the same chapter in which the new drunk driving provisions enacted by Public Acts 309, 310, and 311 of 1982 are contained. Since the city has simply adopted these provisions, there is no conflict. And defendant's assertion that if local units are permitted to make local changes, the city "could provide that a signal for a left-hand turn should be an uplifted arm", is preposterous. If

such an ordinance were enacted and it conflicted with state law, it would be invalid.

For these reasons, we affirm the decision of the circuit court and uphold the city's regulations.